IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**BARBARA JOHNSON,**                                                            **PLAINTIFF,**

**VS.**                                                     **CIVIL ACTION NO. 2:04CV216**

**J.P. MORGAN CHASE & CO.;**
**CHASE MANHATTAN MORTGAGE**
**CORPORATION; NATIONS MORTGAGE**
**CAPITAL, INC.; TONY CHATMON;**
**MERRITT ESCROW & TITLE LLC; AND**
**AAA PEST CONTROL,**                                      **DEFENDANTS.**

**MEMORANDUM OPINION**

This matter comes before the court upon Plaintiff's Motion to Remand [9-1]. Upon due consideration of the motion and the responses filed thereto the court is prepared to rule.

**I. FACTUAL BACKGROUND**

Barbara Johnson, a Mississippi resident, filed the instant action on July 23, 2004 in the Second Judicial District of Bolivar County, Mississippi against two non-resident corporations – J.P. Morgan Chase & Co. and Chase Manhattan Mortgage Corporation – and against four alleged Mississippi residents – Nations Mortgage Capital, Inc., Tony Chatmon, Merritt Escrow & Title LLC, and AAA Pest Control. The plaintiff asserts the following causes of action against the defendants, all of which involve the plaintiff's basic allegation of fraud in the extension of a mortgage loan: fraud, fraudulent inducement, breach of the covenant of good faith and fair dealing, negligence, gross negligence, violation of Mississippi Code Annotated §81-19-1 *et seq*, intentional infliction of emotional distress, rescission, and injunction.

On August 20, 2004 the Chase defendants removed the instant case to federal court

arguing federal jurisdiction based upon (1) the improper joinder of the Mississippi residents and/or (2) the bankruptcy of Defendant Tony Chatmon.

On September 20, 2004 the plaintiff filed the instant motion to remand to state court in which she argues against the defendants' improper joinder position and argues for the court to refuse to exercise bankruptcy jurisdiction based upon the doctrines of mandatory abstention and/or discretionary abstention.

On October 13, 2004 Defendant Nations Mortgage Corporation, a Mississippi resident, was voluntarily dismissed from this action.

On January 11, 2005, some two months after the plaintiff filed her rebuttal to the defendants' response to the plaintiff's motion to remand, the defendants filed a supplemental response to the motion to remand. In said response, the defendants point out that on November 22, 2004 the 120-day deadline for service of the summons and complaint had expired with respect to Defendants Tony Chatmon and AAA Pest Control. Essentially, the defendants' supplemental response moves pursuant to Mississippi Rule of Civil Procedure 4(h) for the dismissal without prejudice of the plaintiffs claims against these two Mississippi defendants. As of present date, the plaintiff has never opposed or otherwise responded to this Rule 4(h) motion. Accordingly, the court concludes that the plaintiffs' claims against Chatmon and AAA Pest Control should be dismissed without prejudice. Consequently, the court views as moot the defendants' arguments regarding bankruptcy jurisdiction due to Chatmon's bankruptcy.

The sole remaining non-diverse defendant is Merritt Escrow & Title, LLC. The question remains whether said defendant was improperly joined.

## II. DISCUSSION

**A. Improper Joinder Standards**

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad* ("Smallwood II"), 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The removing defendants argue that the latter method is applicable to the circumstances of this case.

With respect to the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court," the Fifth Circuit in *Smallwood II* confirmed that

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others ....

*Smallwood II*, 385 F.3d at 573.

The court has also held that when determining whether there is a reasonable possibility of recover against a local defendant, the district court "'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and *resolve any contested issues of fact and legal ambiguities in the plaintiff's favor*." *Smallwood v. Illinois Central Railroad Company* ("Smallwood I"), 342 F.3d 400 (5th Cir. (Miss.) Aug. 7, 2003) (quoting *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)), *rev'd on different grounds*, *Smallwood II*, 385 F.3d 568 (5th Cir. 2004).

The court in *Smallwood II* held further that there are two ways that a court may resolve

the issue of whether there is no reasonable possibility of recovery by the plaintiff against the in-state defendant: (1) a Rule 12(b)(6) analysis, or (2) a summary-judgment-type analysis involving a piercing of the pleadings which usually requires remand-related discovery. *Id*. With respect to the Rule 12(b)(6) method, the court wrote:

> "[t]he [district] court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. **Ordinarily**, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Id*. (emphasis added). Use of the term "ordinarily" heavily suggests that the court should conduct a Rule 12(b)(6) analysis by default. It follows that ordinarily remand-related discovery should not be allowed since a Rule 12(b)(6) analysis by its nature does not involve piercing the pleadings – *i.e.*, considering matters outside of the pleadings.

The second way to resolve the issue of whether there is no reasonable possibility of recovery by the plaintiff against the resident defendant requires piercing the pleadings, which is similar to a summary-judgment analysis and requires limited remand-related discovery. Of course, this method is not exactly like a Rule 56 analysis given that such a thorough proceeding is premature and "carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined." *Smallwood*, 385 F.3d at 574. This second summary-type proceeding should not be the default method used by the court. Rather, such a method should be used in "cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district

4

court **may, in its discretion**, pierce the pleadings and conduct a summary inquiry." *Smallwood*. at 573 (emphasis added).

The defendants have not convinced the court that the summary inquiry is appropriate. Rather, it is not the case that the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder with respect to Merritt Escrow & Title LLC. Therefore, the court will decide the question of whether the plaintiff has a reasonable possibility of recovery against Merritt Escrow & Title LLC using Rule 12(b)(6) standards thereby disregarding matters outside the complaint. This precludes consideration of Mr. Merritt's affidavit or any other piercing of the pleadings. This conclusion is relatively inconsequential since, even if the court were to consider his affidavit, the court must view the disputed questions of fact and law in a light most favorable to the plaintiff. Merritt's affidavit contains simply his word against that of the plaintiff.

After conducting a Rule 12(b)(6) inquiry – that is, by looking to the allegations in the complaint while not piercing the pleadings – and looking at the disputed facts in a light most favorable to the plaintiff, the court concludes that she has a reasonable *possibility* (not probability) of recovery against Merritt Escrow & Title LLC for at least fraud and/or negligence. According to the plaintiff, Merritt led her to believe he was acting as her lawyer (though he in fact was not) and his behavior contributed to the fraudulent scheme allegedly orchestrated by Chatmon while in the scope of his employment with the Chase defendants. All that is necessary for federal diversity jurisdiction, other than the requisite amount in controversy, is that there be a common state of residence among the plaintiff and at least one defendant. Here, both the plaintiff and Merritt Escrow & Title LLC are residents of Mississippi. Furthermore, in a removal/remand

scenario, all that is necessary is one single claim against one single resident defendant that has a reasonable possibility (again, not probability) of recovery. As explained above, such is present in this case.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Plaintiff's Motion to Remand [9-1] should be granted. Accordingly, an order shall issue forthwith,

**THIS DAY** of April 26, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE